OPINION JOURNAL ENTRY
This case is before the court sua sponte. It has come to the court's attention that this appeal of a probate court hearing decision must be dismissed for lack of jurisdiction. However, based on the procedural question raised, we must refer the matter back to the probate court for additional determinations.
On July 6, 2000, a hearing was held in the Mahoning County Probate Court on Objections to the Inventory filed by appellant in the Estate of Cornelia Walker (1999 ES 614). Presiding over this hearing was a magistrate of the probate division of the common pleas court.
On August 17, 2000, that magistrate entered the following decision:
 "This matter came on for hearing on July 6, 2000 as to Exceptions to Inventory filed by Wendy Walker. Testimony was taken on July 6, 2000 and this matter was continued for further proceedings to August 17, 2000. All evidence having been submitted, the Court finds that insufficient evidence was advanced to support Wendy Walker's allegation that the subject real estate was transferred by the decedent under circumstances of duress, coercion or undue influence. Accordingly, the Objections to Inventory filed on March 29, 2000 are hereby OVERRULED."
On August 17, 2000, on a probate court form, under the heading "Inventory Approval" the court's judge's name was stamped under a line which stated, "Inventory Approved This Date 8-17-00, Ordered to Record."
No objection to the magistrate's decision was taken by appellant.
On September 18, 2000, appellant filed a notice of appeal directed to that decision.
R.C. 2315.37 allows the probate court to refer certain issues to a magistrate or referee. This statute states, in relevant part:
 "A reference as provided in sections 2315.26 to 2315.37, inclusive, of the Revised Code, may be ordered by a probate court. * * * General referees shall perform the duties and have the powers provided in such sections for referees. * * * The court may direct a reference to such general referees in any case, with or without the consent of the parties. If the action, cause, or proceeding so referred is not contested, the court may receive the reports of such general referees without requiring them to state the facts found and conclusions of law separately. The court may also, by general order, direct a reference in any designated class of actions or proceedings to a certain named general referee, without specific reference being directed in each action or proceeding, but the report of the general referee in each case shall disclose such reference."
On February 27, 1997, the probate court judge had issued a "General Order of Reference For Magistrates" purporting to empower his magistrates to undertake enumerated acts. That Order stated, in pertinent part:
 "IT IS FURTHER ORDERED, ADJUDGED and DECREED that each Magistrate appointed by this Court may enter orders effective without judicial approval in any matter which is filed in this Court and over which this Court has exclusive or concurrent jurisdiction, whether under the Ohio Revised Code or the civil and/or appropriate Criminal Rules of Procedure, and including, without limitation, Orders regarding pretrial proceedings, discovery proceedings, the trial, contempt proceedings, bond in any case, the appointment or removal of fiduciaries, all determinations regarding assets or liabilities and any and all such other and further Orders as may be necessary, whether by injunction or otherwise, to effectuate any other Order of this Court, whether issued by the Judge of this Court or any of its Magistrate(s), so that the Orders of this Court may be fully effectuated and to better secure the prompt and efficient administration of this Court. In all other respects, each Magistrate of this Court shall continue to be authorized to enter Orders when such authority is specifically conveyed by the Ohio Revised Code to Magistrates or Referees. All Orders issued by any Magistrate of this Court shall be in writing, signed by the issuing Magistrate, identified as a Magistrate's Order within the caption therein, filed with the Clerk of this Court and immediately served upon all parties or their attorneys. (Emphasis added).
 IT IS FURTHER ORDERED, ADJUDGED and DECREED, that all proceedings before a Magistrate of this Court shall be conducted in full accordance with the Civil Rules, * * *."
Civ.R. 53 governs all activities of magistrates. That rule states, in relevant part:
 "(A) Appointment. A court of record may appoint one or more magistrates who shall be attorneys at law admitted to practice in Ohio. A magistrate appointed under this rule may also serve as a magistrate under Crim.R. 19 or as a traffic magistrate.
* * *
(C) Reference and Powers.
(1) Order of Reference.
 (a) A court of record may by order refer any of the following to a magistrate:
(i) any pretrial or post-judgment motion in any case;
 (ii) the trial of any case that will not be tried to a jury; and
 (iii) upon the unanimous written consent of the parties, the trial of any case that will be tried to a jury.
 Except as provided in division (C)(1)(a)(iii) of this rule, the effect of a magistrate's order or decision is the same regardless of whether the parties have consented to the order of reference.
 (b) Subject to division (C)(1)(a)(ii) and (iii) of this rule, an order of reference may be specific to a particular case or may refer categories of motions or cases.
 (c) The order of reference to a magistrate may do all of the following:
(i) specify or limit the magistrate's powers;
 (ii) direct the magistrate to report only upon particular issues, do or perform particular acts, or receive and report evidence only;
 (iii) fix the time and place for beginning and closing the hearings and for the filing of the magistrate's decision.
 (2) General Powers. Subject to the specifications and limitations stated in the order of reference, the magistrate shall regulate all proceedings in every hearing as if by the court and do all acts and take all measures necessary or proper for the efficient performance of the magistrate's duties under the order. The magistrate may do all of the following:
 (a) issue subpoenas for the attendance of witnesses and the production of evidence;
 (b) rule upon the admissibility of evidence; unless otherwise directed by the order of reference;
(c) put witnesses under oath and examine them;
 (d) call the parties to the action and examine them under oath.
 (e) In cases involving direct or indirect contempt of court, and when necessary to obtain the alleged contemnor's presence for hearing, issue an attachment for the alleged contemnor and set bail to secure the alleged contemnor's appearance, considering the conditions of release prescribed in Crim.R. 46.
(3) Power to Enter Orders.
 (a) Pretrial Orders. Unless otherwise specified in the order of reference, the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16, in discovery proceedings under Civ.R. 26 to 37, temporary restraining orders under Civ.R. 75(I), in hearings under Civ.R. 75(N), and other orders as necessary to regulate the proceedings.
 (b) Appeal of Pretrial Orders. Any person may appeal to the court from any order of a magistrate entered under division (C)(3)(a) of this rule by filing a motion to set the order aside, stating the party's objections with particularity. The motion shall be filed no later than ten days after the magistrate's order is entered. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order unless the magistrate or the court grants a stay.
* * *
 (d) Other Orders. Unless prohibited by the order of reference, a magistrate shall continue to be authorized to enter orders when authority is specifically conveyed by statute to magistrates.
 (e) Form of Magistrate's Orders. All orders of a magistrate shall be in writing, signed by the magistrate, identified as a magistrate's order in the caption filed with the clerk, and served on all parties or their attorneys.
 (D) Proceedings.
 (1) All proceedings before the magistrate shall be in accordance with these rules and any applicable statutes, as if before the court.
 (2) Except as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court.
 (E) Decisions in Referred Matters. Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
 (1) Magistrate's Decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
 (2) Findings of Fact and Conclusions of Law. If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.
(3) Objections.
 (a) Time for Filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections no later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 (b) Form of Objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule.
(4) Court's Action on Magistrate's Decision.
 (a) When Effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the fact of the magistrate's decision.
 (b) Disposition of Objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 (c) Permanent and Interim Orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."
In this case, an inventory for the Estate of Cornelia Walker was filed on March 6, 2000 with the probate court. On May 4, 2000, objections to the inventory were filed in the probate court by appellant. A hearing on the objections to the inventory commenced before a magistrate on July 6, 2000 and concluded on August 17, 2000. On August 17, 2000, the magistrate issued a "judgment" overruling the objections to the inventory. Also on August 17, 2000, on a probate court form, under the heading "Inventory Approval," the trial court's judge's name was stamped under a line which stated, "Inventory Approved this date 8-17-00, Ordered to Record." There is nothing in the record to indicate that the trial judge reviewed the magistrate's "judgment" or that he was even aware of that judgment.
While Civ.R. 53 gives magistrates great responsibilities and powers, it does not elevate them to the level of judge and their decisions should not imply that they have status and power equal to a judge. In general, magistrates make decisions and judges make orders.
In the case of Loretta R.G. v. Michael O. (Mar. 8, 2001), Lucas App. No. L-00-1333, unreported, that court cited to their case of Sabrina J.v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported, where they stated, in relevant part:
 "An order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. * * * To be final, an entry of judgment by the trial court pursuant to Civ.R. 53(E)(4) must:
 `1. Pursuant to subsection (b), `adopt, reject or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate.
 2. State the outcome (for example, `defendant's motion for change of custody is denied') and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
 3. Be a document separate from the magistrate's decision.'"
In this case, there is nothing to indicate that the judge was aware of the hearing or the magistrate's decision. The judge's stamp approved the inventory, not the decision of the magistrate overruling the objections to the inventory.
Civ.R. 53(E)(3)(a) and (4) outline the procedures to be followed after a Magistrate's decision. As outlined in Loretta R.G. v. Michael O.,supra, the judge may:
 "1. Wait fourteen days and, if no objections are filed, adopt, reject or modify the magistrate's decision and enter judgment accordingly. (A valid entry of judgment is, for example, `The court adopts the magistrate's decision. Plaintiff's motion for change of custody is granted. Plaintiff is ordered to * * *. Defendant is ordered to * * *.') When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
OR
 2. Wait fourteen days and if objections are filed, (a) rule on the objections, (b) adopt, reject or modify the magistrate's decision and (c) enter judgment accordingly. (A valid entry of judgment is, for example, `The objections to the magistrate's decision are denied. The court adopts the magistrate's decision. The court orders judgment for Plaintiff on the complaint in the amount of $250.') When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
OR
 3. Before the fourteen-day objection period expires, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B). However, if timely objections are filed, execution of the court's judgment is stayed until the judge disposes of the objections and `vacates, modifies, or adheres to the [court's] judgment [adopting the magistrate's decision] previously entered.' Civ.R. 54(E)(4)(c).
OR
 4. If the judge determines that immediate relief is justified, the judge may immediately make an interim order based on the magistrate's decision without waiting for objections to be filed. This interim order is valid for twenty-eight days and execution of the order is not stayed by the timely filing of objections. At the end of the twenty-eight days the judge may:
 a. extend the interim order for one more twenty-eight day period.
 b. if no objections to the magistrate's decision are filed, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
OR
 c. if objections to the magistrate's decision are filed, the judge shall rule on the objections and adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B)." (Emphasis original).
It is apparent that the order purportedly appealed here is a magistrate's decision. Said decision is not directly appealable to this court as outlined above. However, the February 27, 1997 General Order does appear to allow the decision of a magistrate to become immediately effective despite the strictures of Civ.R. 53(E)(3)(a) and (4). If given its intended effect, the General Order would cause the matter before us to operate as a final order. Because the General Order and the Civil Rules of Procedure conflict on this matter, we decline to interpret the General Order in such fashion. Therefore, the pending order is not final and, cannot be appealable. This decision, however, works to the disadvantage of appellant, who filed the present appeal in apparent reliance on this local rule.
In the instant case of the Estate of Cornelia Walker, the plaintiff must be given the requisite time to object to the decision of the magistrate of August 17, 2000. From the receipt of this opinion, plaintiff has 14 days to file his objections. After the appropriate procedure is followed, as outlined above, the trial court may then enter its order or judgment. This order or judgment then complies with Civ.R. 54, Civ.R. 53 and R.C. 2505.02 and becomes a final appealable order.
This court finds that the August 17, 2000 entry stamped with the judge's name is not a final appealable order pursuant to Civ.R. 54(A), and we have no jurisdiction to hear an appeal from that purported judgment.
Appeal dismissed for lack of a final appealable order. Costs taxed to appellant.
VUKOVICH, J., DONOFRIO, J., WAITE, J. and DeGENARO, J., concurs.